United States District Court
for the
Southern District of New York

| | |
|---|---|
| DITECH FINANCIAL LLC FKA GREEN TREE SERVICING LLC <br><br> Plaintiff <br> v. <br><br> GARY N SCOLLARD, STACY A. SCOLLARD, KEYBANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO KEY BANK USA, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHAMPION MORTGAGE, A DIVISION OF KEYBANK NATIONAL ASSOCIATION <br><br> Defendant(s) | Civil Action No. 18-cv-8963 <br><br> **DEFAULT JUDGMENT OF FORECLOSURE AND SALE** |

Before the Court is ~~a motion~~ the Order to Show Cause for default judgment against Gary N. Scollard and Stacy A. Scollard, pursuant to Fed. R. Civ. P. §55 and L. R. Civ. P. §55, filed on Feb. 12, 2020. ~~2019~~ This action was commenced by the filing of the Summons and Complaint on October 1, 2018, a copy of which was served on Gary N. Scollard on October 9, 2018, served on Stacy A. Scollard on October 5, 2018 and served on KeyBank, National Association, successor by merger to Key Bank USA, National Association, successor by merger to Champion Mortgage, a division of KeyBank National Association on October 9, 2018. Gary N Scollard, Stacy A. Scollard and KeyBank, National Association, successor by merger to Key Bank USA, National Association, successor by merger to Champion Mortgage, a division of KeyBank National Association did not answer or move with respect to the Complaint and the time to do so expired. Plaintiff requested a Certificate of Default on January 24, 2019, and such certificate was entered by the Clerk of the Court on February 14, 2019.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/19/2020

Plaintiff complied with the rules for securing a default judgment and a judgment of foreclosure and sale under New York law. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED, the Plaintiff's motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED, the Plaintiff is awarded default judgment pursuant to Fed. R. Civ. P. §55(b)(2); and it is further

ORDERED, ADJUDGED AND DECREED, that Judgment of Foreclosure and Sale is in the amount of $324,298.88 with an unpaid principal balance of $297,939.31 as of July 9, 2019, with contractual interest at the rate of 4.250% percent which results in a daily per diem rate of $34.69 until entry of this order and the statutory rate thereafter; and it is further

ORDERED, ADJUDGED AND DECREED, the mortgaged property at 58 Halcyon Terrace, New Rochelle, NY 10801, ("Property") cannot be sold in parcels; and it is further

ORDERED, ADJUDGED AND DECREED, that the Property shall be sold pursuant to RPAPL §1351, a deed be issued in accordance with RPAPL §1353(1) and that the sale proceeds be distributed in accordance with RPAPL §1354; and it is further

ORDERED, ADJUDGED AND DECREED, that the Property be sold in one parcel at public auction to the highest bidder, as authorized under RPAPL §231(1), at the Lobby of the County Courthouse, 111 Dr. Martin Luther King Jr. Boulevard, City of White Plains, by Naomi R. Duker, Esq., 470 Mamaroneck Avenue, Suite 210, White Plains, NY 914-997-0981, who is hereby appointed Referee to effectuate the sale of the Property; that public notice of the time and place of the sale be made by the Referee in compliance with RPAPL §231(2)(a) and the practice of this Court, and published in *The Journal News* or in publication in compliance with RPAPL §231; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Property be sold in "as is" condition defined as the condition the premises are in as of the date of sale and continuing through the date of closing, and that said sale shall be subject to:

(a) Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

(b) Any state of facts that an accurate, currently dated survey might disclose;

(c) Rights of tenants, occupants or squatters, if any. It shall be the responsibility of the Purchaser to evict or remove any parties in possession of the Property being foreclosed. There shall be no pro-rata adjustment in favor of the purchaser for any rents that are paid for a period after the date of the foreclosure sale; and

(d) The right of redemption of the United States of America, if any; and it is further

**ORDERED, ADJUDGED AND DECREED**, in accordance with RPAPL §1353(1) that the Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee at the time of sale may accept a written bid from the Plaintiff or the Plaintiff's attorneys, just as though the Plaintiff were physically present to submit said bid; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the terms of sale, to the extent they do not contradict this judgment or violate any law, shall be binding in all respects on the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED**, that after sale the Referee shall deposit, in his/her name as Referee, the initial bid deposit in his/her IOLA or Separate Account, in a bank or trust company authorized to transact business in New York. This account shall be used solely to

complete the closing of the sale and payment of the items referenced herein as needed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in accordance with RPAPL §1351(1) upon payment of the purchase price the Referee execute a deed to the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in accordance with RPAPL §1354 upon payment of the purchase price the Referee is directed to make the following payments or allowance from the sale proceeds to the plaintiff:

FIRST: Payment pursuant to CPLR §8003, by the Referee of five hundred dollars ($500.00) which represents the statutory fees for his/her conducting the sale of the subject Property.

SECOND: Payment by the Referee for the costs of advertising or posting as listed on bills submitted to and certified by the Referee to be correct.

THIRD: Payment, in accordance with RPAPL §1354(1) by the Referee to the Plaintiff or its attorney for the following: amount due Plaintiff; costs and disbursements; attorney fees and an additional allowance, if awarded.

**Amount Due Plaintiff.** $323,303.88 including interest through July 9, 2019, together with interest at the Note rate (4.250%) until the date of entry of this Judgment, and thereafter at the statutory rate until the date of transfer of the Referee's Deed.

**Costs and Disbursements.** $995.00 adjudged to the Plaintiff for costs and disbursements in the action, which will be taxed by the County Clerk and inserted herein, with interest at the Judgment rate thereon from the date of entry hereof.

FOURTH: Payment, in accordance with RPAPL §1354(2), of all taxes, assessments and water rates that are liens upon the Property and redeem the Property from any sales for unpaid

taxes, assessments, or water rates that have not apparently become absolute with such interest or penalties which may lawfully have accrued thereon to the day of payment.

**ORDERED, ADJUDGED AND DECREED,** that Plaintiff may, after entry of this judgment, make all necessary advances for inspections and maintenance of the Property, taxes, insurance premiums or other advances necessary to preserve the Property, whether or not said advances were made prior to or after entry of judgment, so long as said advances are not included in the amount due Plaintiff awarded herein, and that the Referee be provided with receipts for said expenditures, which amounts together with interest thereon at the Note rate from the date of the expense until the date of entry of this Judgment, then with interest at the Judgment rate until the date of transfer of the Referee's Deed shall be included in the amount due Plaintiff; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the Plaintiff is the purchaser at sale, the Referee shall not require the Plaintiff to pay either a deposit or the bid amount, but shall execute and deliver to the Plaintiff a Deed of the premises sold upon the payment of the statutory fees of $500.00 for conducting the sale of the subject Property. Plaintiff shall provide the Referee with proof of the amounts paid for taxes, assessments and water rates upon recording of the deed. The balance of the bid amount shall be applied to the amounts due to the Plaintiff as specified herein and that if after applying the balance of the bid amount there is a surplus, Plaintiff shall pay it to the Referee, who shall deposit the funds. In accordance with RPAPL §1354(4), the Referee shall take receipts for the money so paid out by him/her and file the same with his/her report of sale, and that he/she deposit the surplus moneys, if any, with the Treasurer of Westchester County within five (5) days after same shall be received and ascertainable, to the credit of this action, to be withdrawn only upon the order of the court, signed by a Justice of this

Court: that the Referee make a report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom the payments were made with Clerk of the County of Westchester within thirty (30) days of completing the sale, and executing the proper conveyance to the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED,** transfer tax is not a lien upon the Property or an expense of sale, but rather an expense of recording the deed. All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds. Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** the Referee make a report of sale in accordance with RPAPL §1355 (1), showing the disposition of the sale proceeds accompanied by the receipts for payments made and file it with the Clerk of the Court within thirty (30) days of completing the sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at such sale be let into possession on producing the Referee's Deed; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Property and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the liens of the Plaintiff other than the Mortgage or Mortgages that are the subject matter of this action are also foreclosed herein as though the Plaintiff was named as a party Defendant, specifically reserving to the Plaintiff its

right to share in any surplus monies as a result of such position as a lien creditor; and it is further

**ORDERED, ADJUDGED AND DECREED**, that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR. Part 36), including, but not limited to, §36.2(c) ("Disqualification from appointment") and §36.2(d) ("Limitations on appointments based upon compensation") and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the appointing Judge forthwith; and no fee shall be paid to such appointee until said appointee has filed all necessary OCA forms with the Court; and it is further

**ORDERED, ADJUDGED AND DECREED**, that pursuant to CPLR §8003(b), absent application to the court, further court order, and compliance with Part 36 of the Rules of the Chief Judge, the Referee shall not demand, accept or receive more than the statutory amount of five hundred dollars ($500.00) otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that the property be sold by the Referee, in accordance with RPAPL §1351(1); that the date of the judgment is deemed the date it is entered; and that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with Fed. R. Civ. P. §6(b), the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the lien that appears to be prior and adverse to the mortgage being foreclosed, namely the lien of Defendant KeyBank, National

Association, successor by merger to Key Bank USA, National Association, successor by merger to Champion Mortgage, a division of KeyBank National Association, is/are hereby declared invalid and extinguished pursuant to RPAPL Article 15; and it is further

ORDERED, ADJUDGED AND DECREED, that all Defendants and all persons or entities claiming by, through or under them, be and are hereby forever barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises; and it is further

ORDERED, ADJUDGED AND DECREED, that the record be reformed to reflect that the lien of Defendant, KeyBank, National Association, successor by merger to Key Bank USA, National Association, successor by merger to Champion Mortgage, a division of KeyBank National Association is/are invalid and extinguished; and it is further

ORDERED, ADJUDGED AND DECREED, the Westchester County Clerk upon the payment of its requisite fees, shall record and index a certified copy of this Judgment in the same manner as the lien being extinguished.

ENTER

_____
DISTRICT JUDGE NELSON S. ROMAN
UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW
YORK

Dated: March 19, 2020
White Plains, New York

## Schedule A - Legal Description

All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of New Rochelle, County of Westchester and State of New York, shown and designated as Lot 17, Block G on a certain Map entitled, Map of the Third Subdivision of Halcyon Park in New Rochelle, N.Y., made by W.L. Hayes, C. & S., dated January 1906 and filed in the County Clerk's Office, Westchester County, Division of Land Records, formerly Register's Office of Westchester County on February 7, 1906 as Map No. 1589.

Also shown on a final map of the entire tract on North Avenue, New Rochelle, New York, developed by Howard S. Meighan, Esq., and known as Halcyon Park, dated November 1906 and filed in the County Clerk's Office, Westchester County, Division of Land Records, as Map No. 1682.